# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Case No.: 2:12cr00019 |
| v. | ) | |
| | ) | |
| **GREGORY R. MULLINS,** | ) | **MEMORANDUM OPINION** |
| Defendant | ) | |
| | ) | By: PAMELA MEADE SARGENT |
| | ) | United States Magistrate Judge |

  This case came to be heard before the court on August 20, 2012, at which time the defendant, Gregory R. Mullins, pleaded not guilty to a two-count Information. The Information charged Mullins with two counts of criminal contempt in violation of 18 U.S.C. § 401(3), based on allegations that he had knowingly disobeyed and resisted an August 25, 2006, Order of this court. At the close of the evidence, the court convicted Mullins of Count Two of the Information, finding beyond a reasonable doubt that a June 21, 2012, voicemail message Mullins left for Equitable employee George Heflin violated the court's previous order. The court took under advisement whether the evidence was sufficient to convict Mullins of the charge contained in Count One of the Information. The matter was set over for sentencing on September 18, 2012.

  The court has considered the parties' legal arguments and supporting documents, as well as the evidence presented at trial. Based on the reasons stated below, the court finds that the Government has failed to meet its burden of proof as

-1-

to Count One of the Information, and will find Mullins not guilty of this charge.

*I. Facts*

In 2006, Equitable Production Company, ("Equitable"), sued Mullins in this court seeking "declaratory relief, injunctive relief, and damages against Mullins for his threats to destroy Equitable's gas pipeline and his continuing interference with a right of way to Equitable's wells." Complaint, (Docket Item No. 1) ("Civil Complaint"), *Equitable Production Company v. Gregory R. Mullins*, Civil Action No. 2:06cv00021, ("Civil Action"); Government's Exhibit No. 1. Equitable operates numerous coalbed methane gas wells and pipelines throughout Southwest Virginia, including at least one gas well and connecting pipeline on Bad Ridge near Nora in Dickenson County, Virginia, where Mullins also owns property.

Equitable's Land Director, George Heflin, appeared and testified at Mullins's August 20, 2012, court trial. Heflin testified that, prior to 2006, Equitable's gas pipeline ran across Mullins's property without a legal right to do so. The Civil Complaint alleges that Mullins sued Equitable over this encroachment, and, as a result, Equitable moved the pipeline. Heflin stated that, despite the relocation of the pipeline, Mullins continued to assert that it crossed his property. He said that Equitable filed the Civil Action in 2006 in an effort to establish that the pipeline no longer crossed Mullins's property.

In the Civil Action, Equitable sought declaratory relief:

(a) That Equitable has the right to have the gas pipeline in its

> current location and that Mullins has no right to damage or otherwise interfere with the gas pipeline;
> (b) That the gas pipeline does not cross [Mullins's property]; [and]
> (c) That Equitable has the right to use the road and that Mullins has no right to prohibit or otherwise interfere with Equitable's use of the road[.]

Civil Complaint at 7. Equitable also sought injunctive relief prohibiting Mullins from:

> (a) Cutting, damaging, or otherwise interfering with the gas pipeline;
> (b) Prohibiting or otherwise interfering with Equitable's use of the road; [and]
> (c) Threatening any harm to or interference with the gas pipeline or the road or any employee or contractor of Equitable.

Civil Complaint at 7.

By Final Order entered August 25, 2006, this court entered default judgment in favor of Equitable in the Civil Action. Civil Action, Docket Item No. 25; Government's Exhibit No. 2, ("Final Order"). The Final Order permanently enjoined Mullins from:

> 1. Cutting, damaging, or otherwise interfering with the gas pipeline;
> 2. Prohibiting or otherwise interfering with any use of the road by [Equitable] or by its employees, contractors, successors, or assigns; or
> 3. Threatening any harm to [Equitable] or to its employees, contractors, successors, or assigns for using the gas pipeline or road.

-3-

In 2008, Equitable filed a Second Motion For Rule To Show Cause in the Civil Action, seeking to hold Mullins in contempt for violating the Final Order. Government's Exhibit No. 4. On November 5, 2008, this court issued an Order granting Equitable's Motion and finding that there was probable cause to believe that Mullins had committed criminal contempt on two separate occasions

> … in that there is probable cause to believe that (1) on or about October 14, 2008, he contacted the Virginia Division of Gas and Oil and made complaints that the gas pipeline is on his property without a legal right, in spite of the fact that such right has been previously determined by this court; and (2) on or about October 17, 2008, in a telephone conversation …, he threatened to excavate in the general vicinity of the gas pipeline, which excavation might cause harm to the plaintiff and others….

Government's Exhibit No. 5. As a result of this Order, Mullins was prosecuted and convicted of one count of criminal contempt in violation of 18 U.S.C. § 401(3). Judgment in a Criminal Case, *United States v. Gregory Reece Mullins*, 2:08cr00021, Docket Item No. 25; Government's Exhibit No. 6. The court's minute entry from the bench trial notes, "court found that … Mullins did not violate the court order by discussing gas pipeline with Mr. Deering…." Docket Item No. 19. That same minute entry identifies Mr. Deering as a state gas well inspector.

At the August 20, 2012, court trial, Helfin testified that Equitable received a document by facsimile from Mullins on June 13, 2012. Government's Exhibit No. 7. The two-page document contained a cover sheet showing that it was faxed from the Lonesome Pine Regional Library on June 6, 2012, and resent on June 13, 2012. It stated that it was sent to Heflin from Mullins, and it contained the statement,

"Here is a copy of the survey showing the gasline on my property." Attached to the cover sheet was a plat of a survey by Jack Keen. Heflin also testified that Mullins left a voicemail message for him on his work telephone on June 21, 2012. In this message Mullins stated, "I've done sent you a survey showing you that the gas line is still on my property…." (Government's Exhibit Nos. 8 and 9.)

On June 22, 2012, the Government charged Mullins in a two-count Information with criminal contempt in violation of 18 U.S.C. § 401(3). Count One, the count at issue here, charged Mullins with knowingly disobeying and resisting the Final Order in the Civil Action by sending a facsimile containing a "purported property survey and claiming the gas pipeline is on his property without a legal right…." At Mullins's initial appearance before the court on July 10, 2012, the Government stated that it was proceeding on the Information as if it charged only petty offenses, and the case was set for bench trial before the undersigned on August 20. At the August 20 trial, the court found that the Government had established beyond a reasonable doubt that the facsimile received by Equitable on June 13 was sent by Mullins or at his direction on June 6 and that this document asserted that Equitable's gas pipeline crossed Mullins's property. The court took under advisement whether these actions amount to a criminal contempt of the Final Order.

## II.  Analysis

The issue before the court is whether Mullins's action in sending the documents to Equitable by facsimile on June 6 was a willful violation of the court's

-5-

Case 2:12-cr-00019-PMS   Document 27   Filed 08/28/12   Page 5 of 7   Pageid#: 69

Final Order in the Civil Action. "In order to support a conviction under [18 U.S.C.] § 401(3), the evidence must demonstrate that 'the defendant *willfully* violated a decree that was clear and left no uncertainty in the minds of those that heard it.'" *In re Bryan Gates Jr.*, 600 F.3d 333, 338 (4th Cir. 2010) (citations omitted) (emphasis in original). In assessing whether an order contains the requisite specificity, a court must look at the defendant's "'own behavior and not to some hypothetical situation.'" *United States v. McMahon*, 104 F.3d 638, 643 (4th Cir. 1997) (citations omitted). Thus, the court must not only consider whether Mullins's actions were prohibited by the Final Order, but it also must consider whether Mullins, himself, should have known that his actions were prohibited by the Final Order. It is on these questions that the Government has failed to meet its burden of proof.

As stated above, the Final Order prohibited Mullins from "[c]utting, damaging, or otherwise interfering with the gas pipeline." While the Final Order declared that Equitable had "the full and unrestricted right to have the gas pipeline … remain in its current location," the Final Order did not specifically prohibit Mullins from continuing to assert that the pipeline was on his property. The Government, nonetheless, argues that by continuing to assert that the gas pipeline is on his land, Mullins is interfering with Equitable's use of the gas pipeline. The evidence presented, however, does not support this argument. There was no evidence that this facsimile prevented Equitable or its employees or representatives from accessing the pipeline or from using the pipeline. To the contrary, the evidence presented showed that Equitable took no action and, in fact, paid little, if any, attention to the documents sent to it from Mullins by facsimile on June 6.

Case 2:12-cr-00019-PMS   Document 27   Filed 08/28/12   Page 6 of 7   Pageid#: 70

Even if Mullins's actions in sending this facsimile had interfered with the pipeline, the evidence presented was insufficient to find that Mullins, himself, knew that his actions in sending the facsimile violated the Final Order.  Again, the Final Order did not prohibit Mullins from continuing to assert that the pipeline crossed his property. The Final Order also did not prohibit Mullins from contacting Equitable or any other person or agency to make this claim. The Government argues that Mullins's prior conviction for criminal contempt put him on notice that the Final Order prohibited him from continuing to assert that the pipeline was on his property. Again, the evidence presented does not support this argument. The court's own record, of which the court may take judicial notice, shows that Mullins's 2008 contempt conviction was not based on his continuing claim that the pipeline was on his property. That being the case, this previous conviction could provide no notice that such conduct was prohibited by the Final Order.

For all of these reasons, I find that the Government has failed to meet its burden of proving beyond a reasonable doubt that Mullins willfully and knowingly violated the Final Order when he sent the facsimile to Equitable on June 6.

An appropriate order will be entered.

DATED: August 28, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE